UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

JEFFREY L. LEVIN, Individually and On
Behalf of all Others Similarly Situated,

                                     Plaintiff,

        -against-


THE COUNTY OF WESTCHESTER and
WESTCHESTER COUNTY WATER DISTRICT No.1,

                            Defendants.
————————————————————————

Civil Action No.:

**CLASS ACTION COMPLAINT**

Plaintiff, JEFFREY L. LEVIN, by his attorneys BLAU LEONARD LAW GROUP, LLC, individually, and on behalf of all others similarly situated, upon personal knowledge and upon information and belief as to all other matters, as and for his Complaint against Defendants, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil action under Section 1449 (a), (d) and (e) of the Safe Drinking Water Act ("Act"), 42 U.S.C. § 300 *et. seq.*, to obtain permanent injunctive relief compelling Defendants to bring the Westchester County Water District No.1 ("District No. 1") into compliance with the Act and its implementing regulations ("SWDA Regulations").

2. Plaintiff brings this action to ensure that the members of the public served by District No. 1's water system have a reliable and safe source of drinking water.

3.     Plaintiff also brings this action against Defendants for deceptive and fraudulent business practices in in violation of §349 of the New York General Business Law in charging premium rates for drinking water and failing to disclose that it contains illegal levels of the dangerous parasite Cryptosporidium.  Plaintiff seeks injunctive relief; actual damages; statutory damages; costs; and reasonable attorney's fees.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to Section 1449 (a), (d) and (e) of the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300 *et. seq.*, a federal statute.  As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6.     Plaintiff is a citizen and resident of Scarsdale, New York 10583 and a customer of the Village of Scarsdale Water Department to which he has paid for and received water distributed from Water District No.1, from April 1, 2012 to present.

7.     The County of Westchester is a municipal corporation duly organized and existing under the laws of the State of New York.

8.      Westchester County is a person and supplier of water, as defined in SDWA Sections 1401(5) and (12), 42 U.S.C. § 300f (5) and (12), and the SDWA Regulations at 40 C.F.R. § 141.2.

9.      Westchester County is the owner and, through its Water Agency, the operator of District No. 1, a public water system and community water system as defined in SDWA Sections 1401(4) and (15), 42 U.S.C.§ 300f (4) and (15), and the SDWA Regulations at 40 C.F.R. § 141.2.

## MATERIAL FACTS

### The Water Supply Chain

10.     In 1964, District No. 1 was formed in order to purchase the KB Pipe Line from New York City ("NYC") and to serve the municipalities of Mount Vernon, Scarsdale, White Plains and Yonkers.

11.     In or around 1966, District No.1 purchased the KB Pipe Line and has operated it ever since.

12.     District No. 1 purchases water from the NYC water supply. The water is obtained from two sources, the Kensico Reservoir/Dam and via Shaft No. 22 of the Delaware Aqueduct. The water purchased from the NYC water supply is then sold by District No. 1 to municipalities in Westchester County.

13.     The Kensico Reservoir is an unfiltered water source in New York State that is open to the atmosphere and subject to surface runoff.

14.     District No. 1 conveys water "through the 48" Kensico-Bronx pipeline to various take off points that serve the District's member municipalities of White

Plains, Scarsdale, Mount Vernon and Yonkers") The water distribution system is comprised of approximately 100 miles of piping.

15.     Water taken directly from the KB Pipe Line goes through certain municipalities' own distribution systems before that water is distributed to their individual residents.

16.     White Plains, Yonkers, Mount Vernon, the Village of Scarsdale, distribute the water they receive from District No. 1 to approximately 187,000 individuals.

**Safe Drinking Water**

17.     Safe drinking water is essential to the protection of public health. See Safe Drinking Water Act Amendments of 1996, Pub. L. No. 104-182, § 3(1).  Accordingly, the SDWA requires public water systems to take a variety of steps to ensure that the public water supply is protected against contamination by pollutants. These steps include the protection of the source-water, water treatment, water- quality monitoring, and providing information to the public.

18.     One potential water-borne threat is Cryptosporidium, a microbial pathogen that causes cryptosporidiosis, a potentially fatal gastrointestinal illness in humans with symptoms that include diarrhea, nausea and abdominal cramps.  There is no known treatment for cryptosporidiosis, and symptoms may persist for two weeks or longer in otherwise healthy adults and can be life-threatening for more vulnerable individuals.

19.     In order to protect the public from this threat, EPA promulgated a rule under the SDWA on January 5, 2006, to require water suppliers like District No. 1 to

implement specified water treatment systems to prevent the contamination of its water by Cryptosporidium. See Long Term 2 Enhanced Surface Water Treatment Rule, 40 C.F.R. Part 141, Subpart W (the "Enhanced Water Treatment Rule").

20.     Westchester County has failed to ensure that District No. 1 complies with the Enhanced Water Treatment Rule by timely upgrading its water treatment facilities to comply with the SDWA.  As a result, a significant portion of the individuals who receive their drinking water supply from District No. 1 are at risk of consuming water contaminated with Cryptosporidium.

**The Safe Drinking Water Act and National Primary Drinking Water Regulations**

21.     The SDWA requires that owners and operators of public water systems test their water supply for specified contaminants, treat the water accordingly, and provide regular reports and other notices to their customers.  Each of these steps is essential to ensuring that the drinking water is safe.

22.     District No. 1 is both a "public water system" and a "community water system" under the SDWA and its implementing regulations because it provides drinking water to more than fifteen service connections and regularly serves more than twenty-five individuals year-round. See 42 U.S.C. § 300f (4) and (15); 40 C.F.R. § 141.2.

23.     As a public water system and a community water system, District No. 1 must comply with the National Primary Drinking Water Regulations ("NPDWRs") Promulgated under Part B of the SDWA, 42 U.S.C.  § 300g et seq.

24.     The NPDWRs, which include the Enhanced Water Treatment Rule, contain the maximum contaminant levels for various contaminants in drinking water, as well as testing and treatment requirements with regard to such contaminants.

25.     As the owner and/or operator of District No. 1, Westchester County is a "supplier of water" under the SDWA and its implementing regulations, see 42 U.S.C. § 300f (5); 40 C.F.R. § 141.2, and must comply with the NPDWRs, including the Enhanced Water Treatment Rule.

26.     In addition, the SDWA requires Westchester County to ensure that District No. 1 complies with the rules implementing New York State's Public Water Supply Supervision Program, which are codified under Title 10 of the New York Code, Rules and Regulations (the "New York Regulations"). See 42 U.S.C. § 300g-3(i). The New York Regulations cover various aspects of the provision of drinking water to the public to ensure that the drinking water is safe.

## Water Treatment Rule. Environmental and Public Health Consequences of Cryptosporidium

27.     Cryptosporidium is a microscopic parasite that is found in most surface waters and has the potential to cause severe, and in some cases life-threatening, illnesses in humans.   The parasite, in its spore phase, has thick outer walls, making it highly resistant to standard disinfectants, such as chlorine.

28.     Cryptosporidium is most commonly transmitted through drinking water and recreational water, and is one of the most frequent causes of waterborne disease among people in the United States. If found in surface waters, Cryptosporidium can cause large outbreaks of waterborne disease, known as cryptosporidiosis.

29.     The most common symptoms in humans are fever, diarrhea, nausea,

vomiting and abdominal cramps, which can last for weeks.   People with weakened

immune systems, as well as young children, pregnant women and the elderly, are at

heightened risk of contracting cryptosporidiosis, and their symptoms tend to be

more severe and persistent.  Cryptosporidiosis can be life threatening. Because

there is no known treatment for cryptosporidiosis, prevention of an outbreak is

critical to ensure the public's health and safety.

**The Enhanced Water Treatment Rule's
Requirements for Treatment of Cryptosporidium**

30.     Pursuant to Part B of the SDWA, EPA promulgated the Enhanced Water

Treatment Rule. This rule, which became effective on January 5, 2006, supplements

pre-existing microbial treatment regulations under the SDWA by specifically

targeting public water systems with higher potential risks from Cryptosporidium in

their source water and imposing specific treatment requirements on them.

31.     Specifically, the Enhanced Water Treatment Rule requires public water

systems that receive their water from an unfiltered surface water source to provide

at least 2-log Cryptosporidium inactivation, i.e., treatment that inactivates 99% of

the existing number of pathogens using at least two disinfectants in treating the

water prior to its distribution, and to meet all applicable filtration avoidance

criteria.  See 40 C.F.R.   § 141.712-13.

32.     The Enhanced Water Treatment Rule also requires public water systems that

use unfiltered surface water to monitor that source water for the existence of

7

Cryptosporidium, and depending on the level of the parasite population that is present, additional treatment requirements may be triggered.  See id. § 141.701.

33.    The Enhanced Water Treatment Rule required all public water systems regulated by it to install the necessary secondary disinfection treatments by April 1, 2012.  See id. § 141.713.

## DEFENDANTS' VIOLATIONS OF THE SAFE DRINKING WATER ACT AND THE ENHANCED WATER TREATMENT RULE

34.    Westchester County has violated, and is continuing to violate the SDWA and its regulations, by failing to ensure that District No. 1 is in compliance with the requirements of the Enhanced Water Treatment Rule.

35.    District No. 1 distributes raw water taken from the Kensico Reservoir at the Kensico Dam and partially treated water taken from Shaft 22 of the Delaware Aqueduct.  District No. 1 does not treat the drinking water it distributes with the minimum 2-log Cryptosporidium inactivation required by the Enhanced Water Treatment Rule.

36.    On September 20, 2011, EPA issued an SDWA Information Request Letter  to District No. 1 requesting documentation and certification that it would comply with the Enhanced Water Treatment Rule by April 1, 2012, the regulatory deadline to install the required second level of disinfection.

37.    On December 3, 2011, Thomas J. Lauro, Commissioner of Westchester County's Office of the County Executive's Department of Environmental Facilities, responded to EPA's Information Request. Commissioner Lauro acknowledged that

District No. 1 was required to comply with the Enhanced Water Treatment Rule by April 1, 2012. He stated, however, that District No. 1 "is not anticipated to be able to meet the [Enhanced Water Treatment Rule's] requirements for using at least two disinfectants by the April 1, 2012 deadline."

38.     On August 6, 2013, The United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint against the County of Westchester, New York in the United States District Court, Southern District of New York [13-cv-5475-NSR], alleging, inter alia, that Defendant has violated and continues to violate the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f, et. seq., and the Long Term 2 Enhanced Surface Water Treatment Rule, 40 C.F.R. Part 141, Subpart W ("Enhanced Water Treatment Rule")

39.     By Consent Judgment filed 09/02/15 [Doc.66], the County of Westchester admitted, acknowledged and accepted responsibility that:

    a.     Water District No.1 did not implement the water treatment measures of the Enhanced Water Treatment Rule by April 1, 2012, and to date has not implemented the water treatment measures of the Enhanced Water Treatment Rule.

    b.     Westchester County, as operator of Water District No. 1, failed to ensure that Water District No. 1 implemented the water treatment measures of the Enhanced Water Treatment Rule.

40.     As part of the Consent Judgment, Westchester County was assessed a civil penalty of $1,08,771.00, together with interest accruing from the effective date.

9

41.    The Consent Judgment requires Westchester County to undertake the construction and operation of two Local U V Treatment Systems, providing compliant U V-treated drinking water to the K-B Connections.

42.    During construction, to be completed in 2018, Westchester County was required to perform interim measures, including providing backfed U V treated drinking water from Shaft 22, in compliance with the Enhanced Water Treatment Rule, to the K-B South Connections.

43.    During construction, Westchester County was required to perform interim measures, including the implementation of a Cryptosporidium Action Plan, which includes weekly monitoring of water taken from a Water District No. I Kensico Reservoir source water sampling point, prior to any water treatment, until such time as the Local UV Treatment Systems project is completed.

44.    Westchester County has failed to comply with the interim measures imposed by the terms and conditions of the Consent Judgment.

45.    As a direct result of such non-compliance, residents/ customers of White Plains that from January 1ˢᵗ through March 31, 2016 did not receive water from Water District No.  1 which complied with the Enhanced Water Treatment Rule and which contained unacceptable levels of Cryptosporidium.

46.    As a direct result of such non-compliance, notification has been sent to residents/ customers of White Plains that from April 1st through June 30, 2016 they will receive water from Water District No.  1 that does not comply with the

Enhanced Water Treatment Rule and contains unacceptable levels of Cryptosporidium.

47.    As a direct result of such non-compliance, notification has been sent to residents/ customers of Scarsdale that from April 25th through June 30, 2016 they will receive water from Water District No.  1 that does not comply with the Enhanced Water Treatment Rule and contains unacceptable levels of Cryptosporidium.

## CLASS ALLEGATIONS

48.    This action has been brought and may properly be maintained as a class action against Defendants pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

49.    Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks certification of a Class, defined as:

*All persons and/or entities who, as customers of the respective water distribution systems of White Plains, Yonkers, Mount Vernon and the Village of Scarsdale, paid for and received water from Water District No.1 from April 1, 2012 to present.*

50.    The following are excluded from the Class: any person or entity in which Defendants have a controlling interest; the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any such

person or entity, together with any immediate family member of any officers, directors, employee of said persons and/or entities.

51.     The proposed Class Period is the time beginning three (3) years prior to the date of filing of this Class Action Complaint, and extending to the date of prospective entry of Judgment for the Class.

52.     Numerosity: Plaintiff does not know the exact size of the class, but it is reasonably estimated that the Class is composed of at least thirty thousand (30,000) persons/entities. While the identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by Defendants.

53.     The persons/entities in the Class are so numerous that the joinder of all such persons/entities is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

54.     This action involves common questions of law and fact, because each Class Member's claim derives from the same nucleus of facts and common relief by way of damages as is sought by Plaintiffs.

55.     The questions of law and fact common to the class members predominate over questions affecting only individual class members. Thus, proof of a common or single set of facts will establish the right of each member of the Class to legal and equitable relief.

56.    The claims asserted by Plaintiff in this action are typical of the claims of other Class members, as the claims arise from the same course of conduct by Defendants and the relief sought is identical.

57.    Plaintiffs' claims are typical of the members of the Class, since all such claims arise out of the same business practices of Defendants, characterized by Westchester County having failed to ensure that District No. 1 complies with the Enhanced Water Treatment Rule by timely upgrading its water treatment facilities to comply with the SDWA. As a result, a significant portion of the individuals who receive their drinking water supply from District No. 1 are at risk of consuming water contaminated with Cryptosporidium.

58.    Plaintiff has no interest(s) antagonistic to the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in Class action litigation.  Accordingly, Plaintiff is an adequate representatives and will fairly and adequately protect the interests of the Class.

59.    The Class, of which Plaintiff is a member, is readily identifiable.

60.    A Class action is a superior and cost effective method for the fair and efficient adjudication of the present controversy and there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class wide, instead of on a repetitive individual basis.

61.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

62.    A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impractical. While the damages suffered by the individual Class members are not insignificant, the amounts are modest compared to the expense and burden of individual litigation. A Class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

63.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would (a) establish incompatible standards of conduct of Defendants in this action and (b) create the risk that adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

**FIRST COUNT**
**(SDWA)**

64.    Plaintiffs incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

65.     Since April 1, 2012, Westchester County has been violating the Enhanced Water Treatment Rule's requirements to treat public drinking water for Cryptosporidium.

66.     Protection of the public health requires that Westchester County be enjoined to comply with the SDWA and its implementing regulations, including the Enhanced Water Treatment Rule.

67.     Westchester County should be enjoined from charging full price for supplying potable water to the District member communities of the cities of White Plains, Yonkers, and Mount Vernon, and the Village of Scarsdale, until there has been full compliance with the Enhanced Water Treatment Rule's requirements to treat public drinking water for Cryptosporidium.

68.     By reason of all of the foregoing, Westchester County is liable to Plaintiff and the putative Class for the costs of bringing this action, including an award of reasonable attorney's fees.

## SECOND COUNT
### (New York General Business Law §349)

69.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

70.     Members of the Class pay a premium price for potable water supplied by Westchester County to the District member communities of the cities of White Plains, Yonkers, and Mount Vernon, and the Village of Scarsdale.

71.    From April 1, 2012 to approximately January 2016, Westchester County's failure to disclose that that a significant portion of the individuals who receive their drinking water supply from Water District No. 1 are at risk of consuming water contaminated with Cryptosporidium, constitutes a fraudulent and deceptive business practice that had a broad impact on consumers at large.

72.    The water safety information on Westchester County's Website, as well as the websites of White Plains, Yonkers, Mount Vernon and the Village of Scarsdale, was likely to mislead a reasonable consumer acting reasonably under the circumstances.

73.    Westchester County's failure to disclose the terms and conditions of the Consent Judgment to consumers of drinking water coming from Water District No. 1, deprived consumers from making informed decisions about alternative sources of drinking water, such as the private purchase of bottled water.

74.    Westchester County's exclusively possessed the information about its potable water, which information a reasonable consumer would want to know, but could not reasonably discover, because consumers dealt not with Westchester County, but the Water departments of their respective city, town or village. This failure to disclose constitutes a material deception and fraudulent practice in violation of New York General Business Law, §349.

75.    Westchester County's material deceptions by omission were likely to mislead Plaintiff and members of the Class as reasonable consumers acting reasonably under the circumstances.

76.     Westchester County's material deceptions by omission involved information important to consumers and likely to affect their choice of, or conduct regarding the purchase of drinking water.

77.     By reason of all of the foregoing, Westchester County is liable to Plaintiff and members of the class for violations of New York General Business Law, §349.

78.     Plaintiff and members of the Class have suffered actual injury and loss as a direct result of Westchester County's violations of New York General Business Law, §349.

79.     Plaintiff and members of the Class have been injured by reason of Westchester County's violation of this statute and may bring an action to enjoin such unlawful acts.

80.     By reason of Westchester County's violation of this statute, Plaintiff and members of the Class are entitled to recover actual damages.

81.     Punitive damages are expressly waived on behalf of the Class.

82.     By reason of Westchester County's violation of this statute, Plaintiff and members of the Class are entitled to an award of reasonable attorney's fees to be paid by Westchester County.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, in his individual capacity and on behalf of the members of the Class, prays that the Court enter judgment against Westchester County, as follows:

A.      Enjoining Westchester County from violating the Safe Drinking Water Act and its regulations, including but not limited to the treatment and monitoring requirements of the Enhanced Water Treatment Rule;

B.      Enjoining Westchester County from charging full price for supplying potable water to the District member communities of the cities of White Plains, Yonkers, and Mount Vernon, and the Village of Scarsdale, until there has been full compliance with the Enhanced Water Treatment Rule's requirements to treat public drinking water for Cryptosporidium.

C.      Ordering Westchester County to put in place measures ensuring both short term and long term compliance with the Enhanced Water Treatment Rule;

D.      Granting Class Certification pursuant to FRCP Rule23;

E.      Certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys, as counsel for the Class;

F.      Preliminarily and permanently prohibiting, restraining and enjoining Westchester County from engaging in the deceptive business practices and wrongful acts alleged herein;

G.      Granting Plaintiff and the members of the Class Judgment on Count II for all available actual and statutory damages provided by New York General Business Law §349;

H.      Awarding Plaintiff and members of the class their costs and disbursements, including reasonable attorney's fees and other reasonable costs;

I.      For such other and further relief as the Court may deem just and proper.

Dated: May 16, 2016

Steven Bennett Blau
BLAU LEONARD LAW GROUP, LLC
23 Green Street, Suite 303
Huntington, NY 11743
631-458-1010
sblau@blauleonardlaw.com

*Attorneys for Plaintiff*

18